## JAMES MAVERTY v. THE STATE.

CRIMINAL LAW. *Resisting officer. Overseer of public road.* An overseer of a public road is not such an officer, the resisting of whom will subject the defendant to indictment under sec. 4771 of the Code.

### FROM MONTGOMERY.

Appeal in error from the Criminal Court of Montgomery county.    C. W. TYLER, Sp. J.

ATTORNEY-GENERAL LEA for The State.

DEADERICK, C. J., delivered the opinion of the court.

Defendant, below, was convicted of resisting a "public officer," and his motions for new trial and in arrest of judgment having been overruled, he has appealed in error to this court.

The "public officer" resisted was the overseer of public roads in district 14 of Montgomery county, appointed by the commissioners of said district, pursuant

to the provisions of the act of 1881, ch. 38. Two. of the, said commissioners had located a road through the land of defendant, without giving him the notice required by the 14th section of the act, and appointed one Shelton overseer and directed him to open the road located on defendant's land.

The overseer summoned his hands to open the road, and when they met upon the ground to proceed to work, defendant met them and forbid them, and threatened to shoot the first man who crossed his line; thereupon the overseer and hands abandoned the work.

Section 4771 of the Code provides that any one. who knowingly and wilfully opposes or resists an officer or other authorized person, in serving any duly legal writ or process, shall be guilty of a misdemeanor. We presume it is under this section, that it is supposed the indictment may be maintained. But. this. section prescribes punishment only for resisting an officer in serving or executing a writ or process. The overseer had no writ or process which he was seeking to serve or execute.

He was "notified to open said road," by the commissioners, in the written notice to him of his appointment as overseer, and was also verbally instructed by them to the same effect.

Section 12 of the act of 1881, provides that the. commissioners shall appoint an overseer, and that the district clerk, within ten days after his appointment, shall deliver to him "an order of appointment, giving the limit and class of his sections of road, the farms. and places of residence allotted to the sections, and

Maverty *v.* The State.

the number of days the hands upon his road are liable to work upon the highways." This is the character and extent of "the order of appointment," which should be in writing, which the clerk of the commissioners is required to give the overseer. And sec. 23 provides "that overseers upon receiving their orders of appointment, shall take immediate supervision of their roads, and may work any part of the same, at any time they think necessary, or the commissioners may direct. Neither the 12th nor 23d, or any other section of said act, requires the order of the commissioners to the overseer to open or work the road to be in writing, much less is there anything in said act or the Code, which can be construed as giving to such order the dignity of a "legal writ or process," duly issuing from a court of justice.

The indictment charges that defendant did unlawfully resist an officer in this: John F. Shelton was lawfully appointed and acting overseer of the road—describing it—and was engaged as required by law in working it, when defendant interfered, and by threats, etc., compelled him to desist.

This indictment does not aver that the overseer had any writ or process that he was prevented from serving or executing. It does not, therefore, aver any such offense as contemplated by the statute, and the judgment must be arrested and defendant discharged.